UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT T.,

                                                DECISION AND ORDER

                      Plaintiff,

                                                19-CV-1648L

             v.

ANDREW SAUL,
Commissioner of Social Security,

                    Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On June 5 2016, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since January 1, 2013. His application was initially denied. Plaintiff requested a hearing, which was held on September 27, 2018 before Administrative Law Judge ("ALJ") Mary Mattimore. (Administrative Transcript, Dkt. #6 at 38). The ALJ issued a decision on October 25, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 38-48). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 10, 2019. (Dkt. #6 at 1-3). Plaintiff now appeals.

       The plaintiff has moved to remand the matter for the calculation and payment of benefits, or in the alternative for further proceedings (Dkt. #8), and the Commissioner has cross moved for

judgment on the pleadings (Dkt. #10), pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I.     Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II.    The ALJ's Decision

Here, the ALJ found that the plaintiff – 52 years old on the alleged disability onset date, with past relevant work as an internal combustion assembler and quality assurance group leader – had several severe impairments which did not meet or equal a listed impairment. These consisted of cervical disc displacement, myalgia (pain in a muscle group – the ALJ did not identify which one), cervical region spondylosis (arthritic degeneration of the cervical spine), chronic low back spine impairment causing pain, history of right ankle fracture with right ankle pain, post calcaneal (heel bone) fracture, migraine headaches, and benign prostatic hyperplasia (prostate gland enlargement).

After summarizing the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, with the ability to frequently climb ramps, stairs, ladders, ropes and scaffolds, and to stoop, kneel, and crawl. Plaintiff can frequently

push, pull and reach bilaterally in all directions, overhead, laterally and in front, and can frequently finger, handle and feel bilaterally. He is limited to a moderate noise level environment as defined in Appendix D of the Selected Characteristics of Occupations. (Dkt. #6 at 42).

When provided with this RFC as a hypothetical at the hearing, vocational expert Timothy P. Janikowski testified that such an individual could perform plaintiff's past relevant work as a quality assurance group leader. (Dkt. #6 at 47). The ALJ accordingly found plaintiff not disabled. This appeal followed.

### III. The ALJ's Assessment of Dr. Cox's Opinion

Plaintiff argues that the ALJ failed to properly weigh, or to properly incorporate into her RFC determination, the opinion of plaintiff's treating chiropractor, Dr. Daniel Cox.

The Court agrees. In assessing the medical opinions of record, an ALJ is required to consider the factors specified by 20 C.F.R. §404.1527, which include: (1) the nature of the physician's relationship to the claimant – treating, examining, etc.; (2) the supportability of the opinion; (3) the consistency of the opinion with other evidence of record; (4) the physician's area of specialty, if any; and (5) other relevant factors. *Id*. While an ALJ need not explicitly "reconcile . . . every conflicting shred of medical testimony," the ALJ must explain why portions of relevant medical opinions beneficial to the plaintiff were disregarded. *Dioguardi v. Commissioner*, 445 F.Supp.2d 288, 297 (W.D.N.Y. 2006).

Dr. Cox examined plaintiff and rendered an opinion on March 10, 2018, based on having treated plaintiff 1-3 times per week for nine weeks. (Dkt. #6 at 101-103). He noted that plaintiff's cervical disc herniation with cervicobrachial syndrome (a cervical syndrome with neck pain radiating from the cervical spine into the upper arm) caused pain, aching, numbness, spasms, and loss of sensation in plaintiff's neck and left upper extremity. (Dkt. #6 at 301). Dr. Cox opined that

as a result, plaintiff could never lift 50 pounds, rarely lift 20 pounds, occasionally lift 10 pounds, and frequently lift less than 10 pounds. Plaintiff had "significant" handling and fingering limitations, could not grasp, turn or twist objects for more than 20% of the workday, could not perform fine manipulations for more than 15% of the workday, could not reach for more than 5% of the workday, and was limited to a low stress job which avoided "constant neck positions and use of the hands," in order to avoid exacerbation of plaintiff's symptoms. (Dkt. #6 at 302-303).

The ALJ assigned "great weight" to Dr. Cox's opinion to the extent that it identified no significant standing or walking limitations, but gave "little weight" to his opinion concerning "upper extremity limitations," finding such restrictions "wholly unsupported by the record." (Dkt. #6 at 46). Specifically, the ALJ found that the plaintiff "frequently has normal upper extremity strength on examination and intact hand and finger dexterity," noted that Dr. Cox's initial examination of plaintiff in January 2018 had not identified any strength or sensory deficiencies in plaintiff's left arm, and stated that although "Dr. Cox's records indicate that the claimant has some limited range of motion in his upper extremities and there is tenderness, the claimant largely rates his pain as five or less on a pain scale of 1 to 10." (Dkt. #6 at 46).

I find that the ALJ's analysis of Dr. Cox's opinion overlooked relevant evidence of record, and that the reasons specified by the ALJ for affording "little" weight to the lifting, handling, fingering and positional limitations Dr. Cox specified were not good reasons. An ALJ may not "credit evidence that supports administrative findings while ignoring conflicting evidence from the same source," and the ALJ's finding that that plaintiff "frequently" demonstrated normal upper extremity strength and dexterity overlooks contrary evidence of record, contained in Dr. Cox's records and elsewhere. *Winter v. Commissioner*, 2020 U.S. Dist. LEXIS 83852 at *12 (W.D.N.Y.

4

2020) (quoting *Zayas v. Colvin*, 2016 U.S. Dist. LEXIS 58134 at *13 (W.D.N.Y. 2016)(collecting cases)).

Examinations by Dr. Cox and other treatment providers repeatedly noted abnormal findings including reduced cervical range of motion, pain radiating into the shoulder blades, tingling of the fingers, and shoulder and arm pain – associated with rotation of the neck – for which physical therapy (with a goal of "muscle strengthening and symptom improvement") and epidural injections were prescribed. (Dkt. #6 at 337, 339, 340, 341, 345, 346, 359, 360, 362). Indeed, many of plaintiff's later treatment visits with neurosurgeon Dr. John Pollina list both neck and left arm pain as his "chief complaints," and describe neck pain radiating into the left arm, hand and fingers. *See e.g.*, Dkt. #6 at 362, 364, 366, 369.

While the ALJ was correct that the plaintiff was, on at least three occasions, found to have normal strength or sensation in his left arm, the record suggests that these findings were atypical: beginning no later than 2017, plaintiff frequently and consistently complained of radiating pain from his neck, which resulted in sharp pains and weakness in his left shoulder, arm and hand. He was diagnosed and treated for cervicobrachial syndrome (neck pain radiating into the shoulder and arm), and imaging studies confirmed abnormalities in plaintiff's cervical spine, including mild-to-moderate spondylotic changes and disc protrusions, with moderate-to-severe neural foraminal stenosis at the C3-C4 level and possible compression of the nerve root. (Dkt. #6 at 304). Furthermore, to the extent that the ALJ dismissed Dr. Cox's opinion on the basis that plaintiff rated his pain as only a "5" on a 10-point scale, the Court notes that plaintiff's self-reports of pain do not undermine Dr. Cox's opinion as to the type and extent of plaintiff's resulting limitations. Dr. Cox's opinion was rendered with full knowledge of plaintiff's self-reported pain, and was supported by

his objective examination findings, which included limited range of motion and numbness in plaintiff's cervical spine and left shoulder. (Dkt. #6 at 302).

Given the appreciable evidence of record testifying to plaintiff's left upper extremity pain, weakness and sensory issues, which his physicians associated with plaintiff's cervical spinal spondylosis (found by the ALJ to be among plaintiff's severe impairments (Dkt. #6 at 365)), the ALJ's cavalier rejection of Dr. Cox's opinion as to plaintiff's lifting, carrying, reaching, handling and fingering limitations was not supported by good reasons. Remand is therefore necessary in order for the ALJ to properly weigh Dr. Cox's opinion, to reassess plaintiff's exertional and/or postural limitations, and to determine whether, given the relatively late appearance of left shoulder-related complaints in the record, those limitations satisfy the durational requirement.

Nor can the ALJ's errors be said to be harmless. Given that the lifting limitations specified by Dr. Cox would prohibit plaintiff from performing a full range of light work, including his past relevant work as a quality assurance group leader, crediting Dr. Cox's opinion would have altered the ALJ's finding that plaintiff had the RFC to return to that job. (Dkt. #6 at 302: Dr. Cox's opinion limiting plaintiff to lifting of 10 pounds occasionally and 20 pounds rarely). *See* 20 C.F.R. §404.1567 (light work requires lifting 20 pounds, with frequent lifting of up to ten pounds).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #8) is granted, and the Commissioner's cross motion (Dkt. #10) is denied.

The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the Commissioner is instructed to revisit whether plaintiff's severe impairments include cervicobrachial syndrome, to reassess Dr. Cox's opinion in

light of the totality of the evidence of record, and if appropriate, to recontact Dr. Cox or plaintiff's other treatment providers for clarification or additional information concerning plaintiff's exertional and postural limitations.

    IT IS SO ORDERED.

                                            DAVID G. LARIMER
                                            United States District Judge

Dated: Rochester, New York
       February 18, 2021.